(Decided April 7th, 1865.)

JOHN DEAN and ROBERT THOMAS, *vs.* JOSEPH H. BROWN.

INJUNCTION: GRANT, PRESUMPTION OF: ADVERSE POSSESSION.—The complainant, in a bill for an injunction to restrain the defendants from cutting and removing wood and timber from a certain tract of land, relied on a possession of the land taken and maintained under a contract for a title alleged in said bill to be still outstanding, and to have been made with the husband of one of two tenants in common, "with the consent and approbation of his wife." The defendants claimed and were in possession under a deed duly acknowledged and recorded of both of said tenants in common, executed after the death of the said husband of one of them—HELD:

1st. That the possession of the land under the contract, was not of such a character as to bar the defendants' right of entry under their deed, or raise a presumption of a grant to those claiming under the contract, by which they could have acquired such an interest in the land as a Court of Law or Equity could protect.

2nd. The rule at law, as well as in equity, established by an unbroken course of authority, is, that possession, to be adverse, must be accompanied with a positive and exclusive claim of the entire title.

3rd. If the title claimed be subordinate to, or admits the existence of a superior title, the possession will not be taken to be adverse to that title; nor does it matter how long such a possession may be continued, for it can have no effect in the way of barring the legitimate title.

4th. Where one contracts for the purchase of land, and enters into possession under an agreement for a conveyance of the title on payment of the purchase money, there can be no adverse holding, even if possible then, until the condition on which the conveyance depends has been performed.

APPEAL from the Equity Side of the Circuit Court for Caroline county.

The bill of complaint in this case was filed by the appellee against the appellants, for an injunction to restrain them from cutting and removing the wood and timber on a tract of land called "*Allcock's Chance.*" The material allegations of the bill and the facts of the case are stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and GOLDSBOROUGH, COCHRAN and WEISEL, J.

*George M. Russum* and *Frank. H. Stockett*, for the appellants:

The order making the injunction perpetual, should be reversed and the bill dismissed, for the following reasons:

1st. Because the case stated by the bill is a mere trespass, for which an injunction will not lie. The allegation of irreparable injury is not sufficient where the facts of the case disclose a mere trespass. *Duvall vs. Waters*, 1 *Bland*, 571, 572.

It is not attempted to show that the trees upon the land in question have any peculiar value, as fruit or ornamental trees. The cutting of wood and trees is not an irreparable injury, but a common trespass, because the value is fixed by the price of firewood and timber at that particular point, and the value can be given in damages as well as any other trespass can be repaired in damages. *Amelung vs. Seekamp*, 9 *G. & J.*, 468. *White vs. Flanagan*, 1 *Md. Rep.*, 525. *Green vs. Keen*, 4 *Md. Rep.*, 98.

2nd. Because the answer is responsive, and all the material allegations of the bill, such as title, fraud and the want of a remedy at law, are expressly denied. *Hutchins vs. Hope*, 12 *G. & J.*, 244.

The exception as to motions to dissolve injunctions, in the 103*rd section of the* 16*th Article of the Code*, regulating the effect of answers in chancery, remits parties to this old and well established rule of equity practice and pleading, "that where the answer is responsive to the bill, it is evidence for the defendant, and if the material allegations of the bill are denied by it, the injunction must be dissolved."

3rd. Because the complainant has acquiesced in the denial of his title, by refusing to bring an action at law, or to institute a proceeding in equity, to have it authenticated and sustained. As a general rule, injunctions to stay waste should not be granted. There are only two exceptions: 1st, when it is sought, as auxiliary to an action at law, to try the title; and 2nd, when it is prayed for by petition filed in a cause pending in equity, whereby the title is put in issue. It is not competent for a Court of Equity to decide upon a mere legal title, as it has done in this case. Vide *Duvall vs. Waters*, 1 *Bland*, 585.

4th. Because no act of William P. Kelley, concerning the land in the proceedings in this case mentioned, without the consent of his wife, Sarah Ann, can be prejudicial to her or her heirs. Kelley had no interest in said land, except such as he acquired by marriage, namely, a freehold interest in the right of his wife in an undivided one-half part thereof.

The right depended on and was commensurate with the coverture; it began with it and ended with it. Upon the termination of the coverture by the death of Kelley, whenever she was approached by Reese for the purpose of getting her to execute a deed for it, Mrs. Kelley indignantly repudiated the contract. There being no enclosure of this land by Reese, there could have been no possession by him, other than an occasional trespass for the purpose of cutting wood and timber, and though this may have been "peaceable and quiet," it is not an adverse possession as against Mrs. Kelley, because during the coverture she could not assert her right to the possession. Vide *Coke Litt.*, 67, (*a*,) 351, (*a*.) 1 *Chitty's Blackstone*, 355. 2 *Do.*, 349. *Wright vs. Wright*, 2 *Md. Rep.*, 454, 455. *Steffey vs. Steffey*, 19 *Md. Rep.*, 5.

*Thos. G. Pratt*, for the appellee:

The proof establishes that the appellee and those under whom he claims, have had the possession of the land, claiming title for more than twenty years; that the purchase of the land by Garretson Reese, and its allotment to the wife of the appellee, was known to at least one of the appellants at the time of said allotment; that John Kelley, the husband of one of the grantors in the deed of 1858, to the appellants, died prior to the year 1844, and consequently more than fourteen years prior to the date of the deed, which is the only attempted exercise of control over or claim of title to the land. Her coverture at the time of the sale of the land by her husband, will not protect her from this title acquired by the appellee by the adverse possession of the land for more than twenty years, and the lapse of fourteen years after the death of John Kelley, would prevent her relying upon her marriage in bar of appellee's title by twenty years possession.

Where a party enters upon possession of land under color of title, his possession of any part is possession of the whole. *Hoye vs. Swann's Lessee*, 5 *Md. Rep.*, 237. *Angell on Lim.*, 429.

In Maryland, the adverse possession of land for more than twenty years, gives title; and a possession such as is proved in this case, gives title as against the world.

It is not necessary to allege that the damage complained of is irreparable, if the fact so appears from the testimony. But here we have the allegation, and it is objected that it should have been alleged, in order to entitle us to the injunction, that the trees cut down and destroyed were fruit or ornamental trees, and not such as are used for timber or cord-wood. But see *Davis, et al., vs. Reed,* 14 *Md. Rep.,* 152; and *Bell vs. Jones,* 2 *Gill,* 106.

COCHRAN, J., delivered the opinion of this Court:

The injunction in this case was granted upon a bill filed by the appellee to restrain the appellants from cutting and removing the wood and timber on a tract of land called "Allcock's Chance." The record shows that this land belonged to Catharine McClish and Sarah A. Green, her sister, as tenants in common, and that while they were so seized, the latter intermarried with one William P. Kelley, who sold the land to Garretson Reese, and gave his individual bond for a conveyance thereof in July 1833. The death of Kelley occurred in 1844, and in December 1858, his widow and Catharine McClish joined in a deed conveying the property in question to the appellants, who thereupon commenced to cut and remove the standing wood and timber. It also appears that Reese entered on the land at the time of his purchase from Kelley; that he cut and removed wood and timber therefrom, and, without obtaining any deed thereof or enclosing it, continued to occupy and enjoy the land in that manner until his death, in 1849. The appellee avers, that after the decease of Reese, his property was apportioned among his heirs-at-law, and that this land was allotted to his daughter, Rachel, now the wife of the appellee; that she thereby came into the possession and ownership of the land, and he therefore claims in her right the relief sought by the bill.

It clearly appears, from this statement of the case, that the title of the property remained in Mrs. Kelley and her sister Catharine, notwithstanding the sale of Kelley to Reese, and that their conveyance would vest the appellants with a good title, unless, indeed, the possession of the land under the Reese purchase was so far adverse as to divest them of their estate, and establish a title in those claiming under him. The question, then, as to the effect of the possession under the purchase of Reese, is the only material one in the case; and looking to the averments in the bill, all difficulty on that point would seem to be removed. The rule at law, as well as in equity, established by an unbroken course of authority, is, that possession, to be adverse, must be accompanied with a positive and exclusive claim of the entire title, and if the title claimed be subordinate to, or admits the existence of a superior title, the possession will not be taken as adverse to that title; nor does it matter how long such a possession may be continued, for it can have no effect in the way of barring the legitimate title. *Smith vs. Burtis*, 9 *Johns.*, 180. *Jackson vs. Johnson*, 5 *Cow.*, 74. *Angel on Lim.*, 413, 414. *Stump vs. Henry*, 6 *Md. Rep.*, 201. And where one contracts for land and enters into possession under an agreement for a conveyance of the title on payment of the purchase money, there can be no adverse holding, even if possible then, until the condition on which the conveyance depends, has been performed. *Jackson vs. Bavel*, 4 *Johns.*, 231. *Jackson vs. Camp*, 1 *Cow.*, 610. 5 *Cow.*, 74. *Gwynn vs. Jones*, 2 *G. & J.*, 173. *Colvin vs. Warford*, decided June Term, 1863.

In this case, Reese appears to have entered into possession under a contract for a deed on payment of the purchase money, and although the bill alleges that the purchase money was subsequently paid, yet there is no evidence of that fact, other than the simple declaration of Reese himself to a third party, that he had paid it, and none at all as to the time when the payment was made. And although

Dean, *et al., vs.* Brown.

the proof is, that the purchase was made from Kelley, yet the bill states that the land belonged to Mrs. Kelley, in her own right, who appears not to have been a party to the contract of sale. The appellee also avers that no deed has ever been made in compliance with the contract of Kelley, and that he and his wife have never been able to obtain one, by reason of the fraud and obstinacy of Mrs. Kelley, and that he intends to institute proceedings against the appellants, Mrs. Kelley and others, to compel a conveyance of the lands to his wife. The possession relied on, thus appears to have been taken and maintained under a contract for a title which is alleged to be still outstanding; and further, that the contract for a conveyance of the title was made with one who was not the owner of the land. The rules to which we have referred, are applicable to this case. It surely cannot be said, that the possession of the land under the contract from Kelley, was of such a character as to bar the appellants' right of entry under their deed, or raise a presumption of a grant to those claiming under that contract, for that would be inconsistent with the solemn averment in the bill, that the title is still outstanding; and, relying on the contract, without the aid of a presumption from adverse possession, it cannot be said that the wife of the appellee has acquired any interest in the land that a Court of Law or Equity can protect. The contract was made with one who had no such title as the contract calls for, although possessed of an interest *jure mariti*, and, as a matter of course, those claiming under it after his decease, were vested with no interest adverse to that of the real owners. We think, under these circumstances, that the appellee is not entitled to the relief prayed, and shall therefore reverse the decree of the Court below, dissolve the injunction, and dismiss the bill, with costs to the appellants.

*Injunction dissolved, and bill dismissed.*

(Decided April 28th, 1865.)