## TRUSTEES OF THE ZION CHURCH *vs.* HENRY G. HILKEN.

*Adverse Possession—Color of Title—Possession Under Void Conveyance to Trustees for a Religious Society—Marketable Title.*

Where a conveyance of land to trustees for the use of a religious society is void under the Declaration of Rights because the assent of the Legislature is not given, yet if the grantees take possession under such color of title, the Statute of Limitations ·begins to run against the grantor ; and the continuance of the possession by the grantees and those claiming under them for twenty years perfects their title against all persons not under disabilities.

Appeal from a *pro forma* decree of the Circuit Court of Baltimore City, dismissing the bill of complaint filed for the specific. performance of a contract to lend money upon a mortgage of certain land.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, PAGE and RUSSUM, JJ.

*Alfred S. Niles* (with whom was *Oscar Wolff* on the brief), for the appellant.

*Clarence A. Tucker,* for the appellee, submitted the case on his brief.

PAGE, J., delivered the opinion of the Court.

This case involves the title of the appellants to certain property situated in Baltimore City. It appears that in 1793 Englehard Yeiser, one of the trustees of the Lutheran Congregation in Baltimore-Town, in consideration of 775 pounds current money conveyed the lot in question to John Shriver and others, trustees of the said Lutheran·Congregation, in trust for the use and uses of the High German Lutheran inhabitants in Baltimore-Town forever, who do or shall hold to the said confession of faith, &c.   Upon a part of the lot

a parsonage was erected and so occupied up to 1870; the residue was used as a garden surrounding the church hardby. Under the provisions of the Act of 1802, ch. 111, the trustees of Zion Church in 1830 became a body corporate. No conveyance of the lot, however, was made to the corporation. The succession of trustees, not having been kept up, in 1882 Zion Church filed a bill in the Circuit Court for Baltimore City for the appointment of new trustees to hold the legal title of its real estate (which included this lot), and on the 28th December of that year, that Court decreed that certain persons therein named, and their successors, should be trustees, invested with the legal title in said property, "to the same effect and intent as if they had been the original trustees, &c." In March, 1896, Henry G. Hilken agreed in writing under seal to lend to the appellants (the survivors of the trustees appointed by said decree), $25,000 upon the understanding that the latter were seized of a good and merchantable title, to be secured by mortgage, on the lot, executed by the appellants as trustees. Hilken refused to accept the mortgage and to make the loan, claiming the appellants' title was not good and merchantable; wherefore this proceeding for a specific performance was begun. The ground of the appellee's objection is alleged, in his answer, to be that the appellants claim title under the deed from Yeiser, already mentioned, and under its provisions, if the property once ceased to be used for church purposes, the title would revert to the heirs of said Yeiser.

The deed from Englehard Yeiser was in contravention of Article 34 of the Declaration of Rights of 1776 and was therefore void. *Grove et al.* v. *Trustees of the Disciples,* 33 Md. 45; *Trustees of Catholic Cathedral Church* v. *Manning,* 72 Md. 116. The grantor in that deed and those who could claim under him, therefore, never lost their right of entry, and consequently the Statute of Limitations commenced running against him and them at once, and has been running up to the present time. "The deed, even if void,

could not be less than color of title, and the entry under it would constitute adverse possession to the extent of the boundaries contained in it, and a continuance of this possession for twenty years would perfect the title against all persons not under legal disabilities." *Gump* v. *Sibley*, 79 Md. 169.

The appellants and those under whom they claim having had open, public, notorious and adverse possession for more than one hundred years, their title is complete. The counsel for the appellee insisted at the argument that the possession could not be adverse as against the heirs to the reversion ; because, claiming under the deed from Yeiser, they could not at the same time repudiate it. The cases cited to sustain this position, however, are those in which a party claiming under a deed undertakes to set up rights inconsistent with its provisions. As in *Campbell* v. *Shipley*, 41 Md. 96, where an assignee of a lease undertook to set up a title by possession as against the landlord. Or where a party attempts to repudiate the contract by which he enters, in order to set up an adverse holding, as in *Dean* v. *Brown*, 23 Md. 16; *Kelso* v. *Stiger*, 75 Md. 402. In this case the claim of the appellants is not inconsistent with the deed. An entry under a claim of title is generally sufficient to constitute adverse possession whether the title be valid or not. *Casey's Lessee* v. *Inloes*, 1 *Gill*, 501 ; *Gump* v. *Sibley*, *supra*.

*Decree reversed and cause remanded.*