# THE TRUSTEES OF THE METHODIST EPISCO-PAL CHURCH IN THE EAST BALTIMORE STATION *vs.* THE TRUSTEES OF THE JACKSON SQUARE EVANGELICAL LUTHERAN CHURCH.

*Religious Societies—Conveyance of Land Upon Void Trust—When Grantee Takes the Beneficial Interest—Legislative Sanction of Conveyance to Religious Society—Validation of Void Convey-ance—Specific Performance—Marketable Title—Resulting Trust.*

When land is conveyed to trustees upon a trust which is void for un-certainty, and there is a consideration for the conveyance, the grantees take the beneficial interest and a resulting trust will not be raised in opposition to the design of the transaction.

When legislative sanction is given to a conveyance of land by one re-ligious society to another, it is also a sanction of the conveyance to the first religious society, which is the grantor in the conveyance sanctioned.

In 1866 land was conveyed to certain persons in trust for the use of the ministry, etc., of the M. E. Church, subject to the usages, etc., authorized by the General Conference. In 1876 the surviving trus-tees conveyed the property absolutely to the Centenary Church, for which the property had been improved and used. No legislative sanction was given to this conveyance as is required by the Declara-tion of Rights. In 1889 the Centenary Church conveyed the land to the appellant, and this conveyance was sanctioned by the Legis-lature in 1892. The appellant agreed to sell the property to the ap-pellee. Upon a bill for a specific performance, *Held,*

1st. That the conveyance in 1866 was upon a trust void for uncertainty in the designation of the beneficiaries.

2nd. That although the trust was void, yet the grantees having paid a consideration and the statement of the trust not being designed to limit the right of alienation, the grantees took the property free from the trust.

3rd. That the conveyance in 1876 to the Centenary Church would have vested in the grantee the whole legal and beneficial ownership if legislative assent had been given to it.

4th. That the legislative sanction given to the conveyance by the Centenary Church to the appellant, was also a sanction of the con-veyance to the Centenary Church, and that consequently the title of the appellant is valid.

Appeal from a *pro forma* decree of the Circuit Court of Baltimore City, dismissing the bill of complaint.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, BOYD and RUSSUM, JJ.

*Arthur D. Foster* (with whom was *Robert H. Smith* on the brief), for the appellant.

From the record it appears that it is agreed between the parties to this suit that on the fifth day of December, 1866, Thomas F. Johnson and others, for a valuable consideration executed a lease for ninety-nine years of the property in question to William F. Pentz and others, lessees in trust. That on the twentieth day of the same month the Jackson Square Centenary M. E. Church was duly incorporated, and its act of incorporation duly recorded among the Charter Records of Baltimore City. And by such act of incorporation, William F. Pentz and the other lessees in trust were elected trustees of the said church. And that at the time the said lease was executed the lot described therein was unimproved, and the said Jackson Square Centenary M. E. Church improved the same by erecting thereon a valuable church building and parsonage. And that on the thirty-first day of July, 1876, Alexander Ray and others, being the survivors of the original lessees in trust, granted and assigned whatever interest they might have in the said property to the said body corporate, namely, the Jackson Square Centenary M. E. Church. And that on the ninth day of February, 1889, the said Jackson Square Church granted and assigned its interest in the said property to the appellant; which assignment was duly sanctioned by the Legislature, as will appear by reference to the Acts of Assembly for 1892, chapter 430; and that on the fifth day of April, 1892, the appellant agreed in writing to sell the said property to the appellee.

After admitting these facts, the appellee contends that the appellant is unable to give a merchantable title to the said property because the aforesaid lease from Johnson and

others to Pentz and others contained a trust provision which
this Court has decided to be void for indefiniteness, and
therefore no title passed under said lease to the lessees in
trust therein named.    Manifestly this contention is wrong,
because as the original lessors received a valuable consid-
eration the title must have passed to the lessees in some
form.    And if on account of the trust provision being void
the lessees could not hold the property as trustees for the
purposes therein named, they then held in trust for the
Centenary Church, until the same could be incorporated.
Had the original lease not been made upon a valuable con-
sideration, but had it been a voluntary conveyance, it might
have been maintained that, upon the failure of the trust in-
tended to be created, there was a resulting trust for the
benefit of the lessors.    But this is not the case in the pres-
ent instance, because a fair price was paid by the original
lessees for the property in question, namely, their obligation
to pay the ground rent.    And where a conveyance has
been made upon a valuable consideration there can be no
resulting trust to the grantor, as the payment of a valuable
consideration imports an intention to benefit the grantee or
lessee in case the trusts declared fail, or are imperfectly de-
clared, or do not take effect for *any other reason.    Perry on
Trusts,* sec. 151 ; *Kerlin* v. *Campbell,* 15 Pa. St. 500.

In the present case it was clearly the intention and pur-
pose of the original lessors to benefit the lessees, and it was
just as clearly the intention of the original lessees to pur-
chase this lot and erect a church thereon, and to hold the
title thereto temporarily until a corporation could be formed
under the law capable of legally taking and holding the
property, and then they would convey the same to such
corporation.    All of which was duly and properly done.
And wherever a valuable consideration is paid the contract
will be executed as near the intention of the parties as pos-
sible.    1 *Perry on Trusts,* sec. 95.    During the time that
the title vested in the original lessees, as the intention was
that it should finally vest in the Centenary Church, as seen

by the fact that the church erected the improvements on the lot in question, there was a resulting trust in favor of the church. 2 *Pomeroy Equity Juris.*, secs. 1031 and 1037. And when the property was assigned to the Centenary Church the title which it obtained was perfectly good, whether it came from Pentz and the other lessees in trust as provided, or as individuals, on account of the original intention.

*Rufus W. Applegarth* and *Charles W. Nash* for the appellees, submitted the case on their brief, citing, *Isaac* v. *Emory*, 64 Md. 336; *Maught* v. *Getzendanner*, 65 Md. 533.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case is filed for the specific performance of a contract of sale of church property situate in Baltimore City. The case was submitted to the Circuit Court of Baltimore City upon an agreed statement of facts and from the *pro forma* decree dismissing the bill, this appeal has been taken.

By a lease of the 5th day of December, 1866, Thomas F. Johnson and others, for the consideration of the yearly rent of two hundred and eighty dollars conveyed for ninety-nine years, to Wm. F. Pentz and seven others and to their successors, lessees in trust, certain property situate in Baltimore City, upon the following trust: "In trust that the said premises shall be used, kept, maintained and disposed of as a place of divine worship for the use of the white ministry and white membership of the Methodist Episcopal Church in the United States of America, subject to the usages and ministerial appointments of said church as from time to time authorized and declared by the General Conference of said church and the Annual Conference in whose bounds the said premises are situate."

On the 20th day of the same month and year, the Jackson Square Centenary Methodist Episcopal Church was duly incorporated under Art. 23 of the Code, and by the act of incorporation, Wm. F. Pentz and the other lessees in trust,

named in the lease of the 5th of December, 1866, were constituted trustees of the church.   Subsequently, on the 31st of July, 1876, Alexander Ray and four others, the survivors of the trustees named in the lease of the 5th of December, 1866, conveyed absolutely this property to the Jackson Square Centenary M. E. Church, a body corporate, " unto and to the use of the church (by its corporate name) and its assigns, for all the residue of the term yet to come and unexpired therein, with the benefit of renewal forever."  And on the 9th day of February, 1889, the Jackson Square Methodist Church granted and assigned the same property to the appellants, the trustees of the Methodist Episcopal Church in the East Baltimore Station, a body corporate. Afterwards, on the 5th day of April, 1892, the appellants agreed in writing to sell the property to the appellees.

The only question here presented is whether the appellant has a good and marketable title to the property which the appellee has agreed to buy upon the terms set forth in the contract of sale.   Now it is very clear, that the trust expressed and contained in the lease from Johnson *et al.* to Pentz *et al.* is void and must fail.   In *Isaac et al., Trustees*, v. *Emory et al.*, 64 Md. 337, it was held, in construing a similar trust, that " this designation of beneficiaries is too vague and indefinite to be sustained by the Courts.   According to the uniform course of decisions in this State, a trust cannot be upheld unless it be of such a nature that the *cestuis que trust* are defined and capable of enforcing its execution by proceedings in a Court of Chancery.   *Church Extension of M. E. Church* v. *Smith*, 56 Md. 397."

But while the trust is void, it does not follow that the lessees failed to acquire any title or that there was a resulting trust in favor of the lessors.   The lease was not a voluntary conveyance but was made upon a valuable consideration, the payment of the annual rent of $280.   When there is a consideration for the conveyance and it is made upon a trust which is void for uncertainty or otherwise fails, then the grantee takes the beneficial interest.   2 *Pomeroy*

*Eq.* 1033; *Perry on Trusts*, sec. 151. A resulting trust will not be raised in opposition to the obvious design of the transaction. *Perry on Trusts*, sec. 159; *Walsh* v. *McBride et al.*, 72 Md. 45. In the case now under consideration the trust appears to have been set forth in the lease only to show the purpose for which the property was bought and not to limit the right of alienation. *Newbold* v. *Glenn*, 67 Md. 491. The lease consequently is valid and the lessees took the same free from the trust therein set forth. When, therefore, they assigned this property on the 1st of July, 1876, to the Jackson Square Church, by which it had already been improved and used, they conveyed the legal title to the party for whose benefit the lease had been made. This assignment operated to vest both the legal and equitable ownership in the Jackson Square Church, provided the assignment is otherwise free from objection.

Now both the assignment from the original lessees to the Jackson Square Church, and the assignment of that church to the appellant are conveyances of land to " religious societies or denominations," within the *Declaration of Rights,* Art. 38. While it appears that legislative assent was given to the assignment of the property from the Jackson Square Centenary M. E. Church to the appellants, no such assent appears to have been given to the deed from Alexander Ray *et als.*, trustees, to the Jackson Square Centenary M. E. Church. Even if this be so, we think the legislative sanction on the 7th of April, 1892 (Act of 1892, ch. 430), to the purchase by the appellants from the Jackson Square Centenary M. E. Church, was necessarily a legislative assent to the validity of the grant by Alexander Ray *et als.*, trustees, to the Jackson Square M. E. Church, and a legislative ratification thereof. And this is so, because the subsequent sanction would be nugatory and of no avail, without a ratification of the former grant.

For these reasons, we think the appellant can give a good and valid title to this property, so the *pro forma* decree in this case will be reversed and the cause remanded to the

end that proceedings may be had in accordance with this opinion.

*Decree reversed, and cause remanded, with costs.*

(Decided June 19th, 1896).