MARIE EULER *vs.* WILLIAM C. SCHROEDER ET AL.

*Borrowed Money Used in Purchase of Land—Resulting Trust—Mistake of Law.*

A resulting trust is not created by the circumstance that the borrower of a sum of money used it in part payment for a parcel of land purchased in his own name, although the lender was of the opinion that he would have an equitable lien on the land for the repayment of the loan, when there was no representation or promise by the borrower to that effect.

A mistake by a party as to the legal effect of a contract he makes affords no ground for relief in equity when there are no circumstances of fraud or undue influence.

*Decided January 14th, 1910.*

Appeal from the Circuit Court No. 2 of Baltimore City (SHARP, J.).

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Harry K. Brooks* (with whom was *Albert M. Sproesser* on the brief), for the appellant.

*Joshua Horner, Jr.,* and *Walter D. Eiseman,* for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a decree of Circuit Court No. 2 of Baltimore City sustaining a demurrer and dismissing the bill of complaint to which it had been filed.

The bill of complaint, alleges that the appellees Schroeder and wife "secured from your oratrix (the appellant) the sum of one thousand dollars ($1,000) cash money for the purpose of purchasing the leasehold property known as No. 728 Dukeland Avenue," in Baltimore City. "That the said sum of one thousand dollars was thereupon applied and used for and on account of part payment for said property," but the appellees took the title thereto in their own names as joint tenants and gave a mortgage on it to a loan company for $1,500, that being the remainder of the entire purchase money of $2,500, which was stated in the bill to be about the value of the property.

Then comes the following paragraph: "That although the said property was purchased in the names of the said defendants nevertheless your Oratrix believed at the time of turning over to the defendants said sum of one thousand dollars and, until a short time ago, rested under the belief and in confidence that it was mutually agreed and understood between said defendants and herself that she, your Oratrix, had and was entitled to have an equitable interest in and to said leasehold property; and herein she avers that she has an equitable interest, right and title in and to said property to the amount and extent of her aforesaid one thousand dollars therein invested; and your Oratrix further represents unto your Honor

that it was agreed and promised by said defendants that she should receive from her said investment certain and regular installments of interest money, but that said defendants have since failed and refused to pay the same or any amount or amounts thereof."

It is further alleged that the plaintiff "is eighty-four years of age a German woman uneducated in the English language and has had practically no business experience" and did not properly understand the transaction "when she turned over the $1,000 to the defendants" and that it was "turned over" to them "through mistake and ignorance on her part and advantage taken thereof by said defendants, and also through the undue influence used and practiced on her by the defendants."

The bill further states that the defendants "refuse to recognize the equity right and interest of the plaintiff in the property, and it charges on information and belief that they are about to sell the property and exclude her from any share in the proceeds of its sale.

The prayer of the bill is that a trustee may be appointed to sell the property and distribute the proceeds of sale amongst all parties concerned as their interest may appear, and for an injunction *pendente lite* and for general relief.

At the hearing of the case upon the demurrer an order was passed sustaining the demurrer with leave to the plaintiff to file an amended bill of complaint within ten days. It was only after her failure to avail herself of the opportunity thus afforded her to perfect the statement of her case, if it had been possible for her to do so, that the decree, dismissing the bill was passed. We therefore conclude that the bill as filed contains the most favorable statement of the plaintiff's case of which it is susceptible.

We agree with the learned Judge below that this bill does not state a case entitling the appellant to equitable relief.

It is a well settled and familiar principle of equity pleading that every bill of complaint must contain a clear statement of the facts upon which the plaintiff relies for relief as

it is from those facts alone that the Court derives its jurisdiction. *Lamm* v. *Burrell,* 69 Md. 274; *Payne* v. *Payne.* 97 Md. 685.

Where the bill asks for an injunction, as it does in the present case, "a full and candid disclosure of all of the facts must be made" and "the *res gestae* must be represented as they actually are." *Lamm* v. *Burrell, supra; Johnson* v. *Glenn,* 40 Md. 200; *Tifel* v. *Jenkins,* 95 Md. 668; *Davidson* v. *Baltimore,* 96 Md. 513; *Baker* v. *Baker,* 108 Md. 274.

Disregarding the fact that the bill asks for an injunction, we fail to see that it states ground for any equitable relief at all. The appellant contends that under its allegations she is entitled to have a resulting trust declared in her favor in the leasehold purchased by the appellees although that is not the specific relief prayed for in the bill.

In *Keller* v. *Kunkel,* 46 Md. 565, on which the appellant specially relied we said: "The Court below very correctly defined a resulting trust to be that 'which arises where one person buys an estate and pays the purchase money, but takes the deed in the name of another person, then a trust results, by construction in favor of the person who pays the money. The same definition is substantially given in *Hays* v. *Hollis,* 8 Gill, 357, 1 Md. Chy. 479; *McElderry* v. *Shipley,* 2 Md. 36-7." "No trust will result unless the person advance the money in the character of a purchaser, for if A. discharge the purchase money by way of loan to B., no trust is raised in favor of A., who is merely the creditor of B." *Lewin on Trusts,* 178.

There is no allegation in the present bill that the plaintiff purchased the property in question and directed it to be put in the names of the defendants. The allegation is that the defendants "secured" $1,000 from the plaintiff for the purpose of purchasing the property and that although it was purchased in the names of the defendants she believed when she "turned over" the money to them and until recently has continued to believe that it was mutually agreed and understood between the defendants and her that she was entitled to an

equitable interest in the property and that she in fact has such an interest to the amount and extent of her $1,000 invested therein.  To that is added the allegation, inconsistent with the theory that the purchase was for her account, that the defendants agreed that she should receive certain and regular interest instalments on her investment but that they have failed and refused to pay the interest or any of it.

The circumstances under which the money was "turned over" by her to the defendants are not stated.  She simply states her *belief* that it was understood that she was entitled to an equitable interest in the property, a mere matter of opinion as to her equitable status.  The only agreement or understanding between the parties that the bill alleges as a fact is that the plaintiff was to be paid *interest* in regular instalments, presumably by the defendants as it is further stated that they have failed and refused to pay the interest. Although the bill avers that the defendants secured the money from her "for the purpose of purchasing the leasehold property" and that they used it in making the purchase, it neither says nor intimates that the purchase was to be made for her account or that even she regarded herself as the purchaser. If we were to indulge in inferences, the facts stated in the bill indicate more strongly that the plaintiff lent the money to the defendants to enable them to purchase the property, believing that in so doing she would have an equitable lien on the property for the repayment of her loan and interest thereon.

The other set of allegations in the bill, that the plaintiff was an aged German uneducated in the English language and with but little business experience and did not understand "the nature of the transaction in which she was engaged" when she turned over the money and that the defendants took advantage of her ignorance and practiced undue influence on her, is equally insufficient to state a ground of relief, as it does not state the circumstances of *the transaction* referred to between her and the defendants or that it was conducted in the English language, and totally fails to

state the acts or conduct of the defendants which constituted the alleged taking advantage of or using undue influence upon her.

"The rule is well established," says Mr. Pomeroy (*Eq. Jur.*, sec. 843), "that a simple mistake by a party as to the legal effect of an agreement which he executes or as to the legal result of an act which he performs, is no ground for either defensive or affirmative relief. If there were no elements of fraud, concealment, misrepresentation, undue influence, violation of confidence reposed, or other inequitable conduct in the transaction, the party who knew or had an opportunity to know the contents of an agreement or other instrument, cannot defeat its performance or obtain its cancellation because he mistook the legal meaning and effect of the whole or any of its provisions." See to same effect 1 *Story Eq. Jur.*, sec. 138; *Gebb* v. *Rose,* 40 Md. 287.

It follows from what we have said that the decree appealed from must be affirmed.

*Decree affirmed with costs.*