## SCHWARZ et al. v. UNITED STATES.

### No. 6254.

United States Court of Appeals
Fourth Circuit.

Argued June 19, 1951.

Decided Sept. 10, 1951.

Samuel Bogorad, Washington, D. C. (Wilson R. Toula, Baltimore, Md., on the brief), for appellants.

Virginia H. Adams, Sp. Asst. to Atty. Gen. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and Lee A. Jackson, Sp. Asst. to Atty. Gen., Bernard J. Flynn, U. S. Atty. and Frederick J. Green Jr., Asst. U. S. Atty., Baltimore, Md., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal in an action to obtain a judgment for a deficiency in income taxes, with penalties and interest, and to subject to the payment thereof two annuity contracts of the taxpayer and a half interest in a tract of land which had been deeded to him and his wife as tenants by the entireties. There was judgment in favor of the United States for $96,766.55, the amount of the taxes with penalties and interest; and the annuity contracts and the half interest in the tract of land were subjected to the payment of the judgment. In the case of the annuity contracts, the insurance company which had issued them was directed to pay into court to be applied on the judgment all amounts to which the taxpayer might be entitled as they should become due, with provision for a lump sum payment in discharge of the obligations thereunder if the insurance company and the government could reach an agreement with regard thereto. In the case of the half interest in the tract of land, the court held that this was subject to sale on the ground that the conveyance to the taxpayer and his wife did not create an estate by entireties because they were not validly married at the time of the conveyance. Taxpayer and his wife have appealed from the judgment, contending: (1) that the court was without jurisdiction; (2) that the portion of the order dealing with the annuity contracts is void because not providing for their sale at public auction; and (3) that the court erred in holding the half interest in the tract of land subject to the tax lien, since the land was purchased with the wife's money and was conveyed to her and her husband with intent that a tenancy by entireties be created and without reason on her part to think that she was not validly married to her husband at the time of the conveyance.

■ There is no merit whatever in the jurisdictional point. 26 U.S.C. § 3744 [1] expressly provides for bringing suit for recovery of the tax in the District Court of the District in which liability for the tax is incurred or where the taxpayer resides at the time of the commencement of the action. The facts giving the court jurisdiction were set forth in the complaint and established on the trial; and it was, of course, not necessary that the statute be pleaded.

■ The order directing that payments under the annuity contracts be made to the "Department of the Treasury" to be applied on the judgment was entirely proper, as this was, in effect, providing a receivership for the enforcement of the tax lien in accordance with 26 U.S.C. § 3678. We think, however, that the provision for a lump sum payment in case the government and the insurance company agree on it should be modified to provide for agreement by the taxpayer also, with provision that, if he does not agree to the lump sum agreed upon by the government and the insurance company, the contracts shall be sold at public auction and the proceeds applied on the judgment. This will adequately protect the rights of the taxpayer without sacrificing any rights of the government.

■ With respect to the interest in land, the facts are that the tract was conveyed to taxpayer and his present wife in the year 1936 by a deed which was intended to convey to them an estate therein by the entireties and which was in all respects sufficient in form to vest such an estate in them. According to the uncontradicted evidence, the land was paid for with the wife's money and was conveyed to her and the taxpayer for the purpose of vesting in them an estate by the entireties at the suggestion of the real estate agent making the sale, who explained to them the advantages of such an estate. At that time, they were living together as husband and wife, having obtained a license to marry followed by a common law marriage in 1933 and having gone through a religious marriage ceremony in 1935, when they were visiting the old home of the wife in Austria. Neither marriage was valid, however, for the reason that, unknown to the

[1]. Repealed in 1949 as covered by 1948 Revised Judicial Code, 28 U.S.C. §1396.

wife, taxpayer had at the time another living wife from whom he had not been divorced. The judge below has found that taxpayer practiced a deception upon the wife who is now before us with respect to his marital status; and the uncontradicted evidence is that she did not learn of his former marriage until the pleadings were filed in this case. The former wife died in 1939 and the tax lien was not filed until the following year. Another marriage ceremony was performed in 1941, the reason for which, as given by the wife, was that she desired a record of her marriage and it was impossible to obtain a record of the marriage in Austria because of the state of war then existing.

It is settled in Maryland that a debtor's interest in an estate by entireties is not subject to sale under execution in satisfaction of his debts. Jordan v. Reynolds, 105 Md. 288, 66 A. 37, 9 L.R.A.,N.S., 1026, 121 Am.St.Rep. 578, 12 Ann.Cas. 51; Masterman v. Masterman, 129 Md. 167, 98 A. 537; Annapolis Banking & Trust Co. v. Smith, 164 Md. 8, 164 A. 157; McCubbin v. Stanford, 85 Md. 378, 37 A. 214, 60 Am. St.Rep. 329. The learned judge below was of opinion, however, that because the parties were not lawfully married at the time of the conveyance to them, an estate by the entireties was not created and that the effect of the conveyance was to vest in them an estate in joint tenancy or a tenancy in common, which was not converted by the subsequent valid marriage into an estate by the entireties. It is well settled, of course, that the marriage of persons holding an estate as joint tenants or tenants in common does not convert such an estate into one by the entireties. 1 Tiffany Real Property 2d ed. 646; 2 Coke on Littleton sec. 187(b); Fulper v. Fulper, 54 N.J. Eq. 431, 433, 34 A. 1063, 32 L.R.A. 701. We do not think, however, that the case

before us can be disposed of by looking merely to the fact that the parties were not validly married at the time of the conveyance. We have the additional facts, which cannot be ignored, that the wife's money paid for the property, that she directed that it be conveyed to her and the man whom she had fraudulently been led to believe was her husband and that it be conveyed in such way as to vest in them an estate by the entireties. Under such circumstances we think that taxpayer and those claiming under him are estopped to claim any interest in the land beyond the estate by entireties which it was the intention of the parties to create. See Jacobs v. Miller, 50 Mich. 119, 15 N.W. 42; Stone v. Culver, 286 Mich. 263, 282 N.W. 142, 119 A.L.R. 512 and note; McCollum v. Price, 213 Ark. 609, 211 S.W.2d 895; 26 Am.Jur. p. 701.

Any interest vested in the taxpayer by the conveyance was impressed with a trust in favor of the woman whom he had deceived with respect to his marital status and who put up the money to purchase the land with the purpose that the marital estate of tenancy by the entireties be created by the conveyance. When the purpose of the conveyance failed because there was no valid marital status to which it could attach, there can be no question but that equity would impress the property with a resulting trust in favor of the woman who put up the purchase money. See Rosenthal v. Miller, 148 Md. 226, 129 A. 28; Latrobe v. American Colonization Society, 134 Md. 406, 106 A. 858; King v. Mitchell, 8 Pet. 326, 349, 8 L.Ed. 962; Oakhurst Land Co. v. Newell, 185 N.C. 410, 117 S. E. 341; 54 Am.Jur. p. 154 sec. 197; Pomeroy Equity Jurisprudence 4th ed. sec. 1032 et seq.; Bogart on Trusts vol. 2 sec. 468 pp. 1442–1443.[2] The ordinary rule is that, where the wife pays for land and the

2. The authorities cited have relation to conveyances in trust where the trust has failed; but there can be no difference in principle between such cases and one where a conveyance intended to create an estate by entireties fails because of the lack of a marital status to give it validity. The principle upon which the resulting trust arises is that, the purpose of the conveyance having been frustrated, the power of equity must be exerted to protect the interest of the person "from whom the consideration comes, or who represents or is identified in right with the consideration." Pomeroy Equity Jurisprudence 4th ed. sec. 1031.

title is made to her and husband, there is a resulting trust in her favor for the entire property in the absence of clear evidence that the husband was to have a beneficial interest. See Kelly Springfield Tire Co. v. Lester, 190 N.C. 411, 130 S.E. 45; Dixon v. Dixon, 123 Md. 44, 90 A. 846, Ann.Cas.1915D, 616. A fortiori, there is a resulting trust in her favor where the evidence shows not only that she furnished the purchase money, but that she did so for the purpose of creating a marital estate which failed for lack of a valid marital status to support it. The typical case of resulting trust where the purpose of a conveyance fails is a resulting trust in favor of the grantor; but, as pointed out in Rosenthal v. Miller, supra, where there is a consideration for the conveyance, the trust results in favor of the party who has furnished the consideration. As said by Judge Walsh in that case: "Where there are certain trusts, created either by will or deed, which fail in whole or in part, or which are of such an indefinite nature, either as to the purposes or beneficiaries, that courts of equity will not carry them into effect, or which are illegal in their nature and character, a resulting trust will arise to the party creating the trust, or to his heirs and legal representatives, as the case may be. Story's Equity (14th Ed.) par. 1592, and cases cited in notes; 26 R.C.L. 1216, pars. 59 and 60. 'When there is a consideration for the conveyance, and it is made upon a trust which is void for uncertainty or otherwise fails, then the grantee takes the beneficial interest.' Trustees [of Methodist Episcopal Church] v. [Trustees of] Jackson Square Church, 84 Md. 173, 177, 35 A. 8; Pomeroy's Equity, par. 1033; Perry on Trusts § 151. The last statement assumes that the consideration was paid by the grantee; if it was paid by some one else, a resulting trust arises in favor of the party furnishing the consideration. Keller v. Kunkel, 46 Md. 565; Euler v. Schroeder, 112 Md. 155, 158, 76 A. 164; Hays v. Hollis, 8 Gill. 357; Heiskell v. Trout, 31 W.Va. 810, 8 S.E. 557; Pomeroy's Equity, par. 1037; Story's Equity (14th Ed.) par 1597; 26 R.C.L. 1219, par. 64." [148 Md. 226, 129 A. 30.]

And there can be no question but that equity, because of the fraud perpetrated upon the wife with respect to her marital status, would decree a constructive trust in her favor with respect to the property purchased. Hutson v. Hutson, 168 Md. 182, 177 A. 177; Mitchell v. Frederick, 166 Md. 42, 170 A. 733, 92 A.L.R. 1412; Morin v. Kirkland, 226 Mass. 345, 115 N.E. 414; Gebel v. Weiss, 42 N.J.Eq. 521, 8 A. 889; Butler v. Butler, 93 Misc. 258, 157 N.Y.S. 188; Beidler v. Beidler, Fla., 43 So.2d 329; note 14 A.L.R.2d 918, 935–937.

Very much in point is the case of Hutson v. Hutson, supra, wherein an owner of property, having gone through a marriage ceremony, conveyed the property through a straw party to himself and his supposed wife, as tenants by the entireties. The wife believing that a prior husband was dead erroneously represented herself as unmarried. When it was learned that the prior husband was in fact alive the property owner sued for an annulment of the marriage and also for a decree setting aside the conveyance through which the estate by the entireties had been created. Both suits were successful. That was the appropriate equitable relief there as the result was to restore the property to the owner. Here the appropriate relief is to declare a trust in favor of the wife who was defrauded and thus vest in her the beneficial interest in the property purchased with her funds. Very pertinent is what was said by the Court of Appeals as to the grounds of relief in Hutson v. Hutson, 168 Md. at page 188, 177 A. at page 179, viz.:

"It is evident from the facts in this case that the appellee intended to give to the appellant an estate by the entireties in the property described in the deeds to which reference has been made. But it is also evident that the gift was predicated upon the theory that he was, at the time of the execution of the deeds, legally married to the appellant and could create the peculiar form of tenancy which he sought to create.

\* \* \* \* \* \*

" 'The most important incident of tenancy by the entireties is that the survivor

of the marriage, whether the husband or the wife, is entitled to the whole, which right cannot be defeated by conveyance by the other to a stranger, as in the case of a joint tenancy, nor by sale under execution against the other.' 1 Tiffany, Real Property, 645.

\* \* \* \* \* \*

"As stated by the chancellor in his opinion filed in this case: 'There is nothing in the record of this case which would support a conclusion that the plaintiff did not intend to enjoy the immunities which ordinarily accompanied the tenancy which he thought he was creating, and it would be highly inequitable to allow a conveyance to stand which would inevitably lead to a result which never was in his contemplation. \* \* \* The case differs from those cases in which both parties knowing they are not married yet hold themselves out as husband and wife, and take title to property as tenants by the entireties."

[13] Whether the trust be considered a trust resulting to the wife because of the failure of the purpose of the conveyance and of her having furnished the purchase money, or as a constructive trust raised in her favor because of the fraud practiced upon her as to the marital status of her husband, we think there can be no doubt that the equitable title in the property was in her when notice of the tax liens was filed amongst the land records and the present suit was brought.

The fact that the tax lien was filed prior to the valid marriage is not material, since at that time the wife was the equitable owner of the entire property and it was not subject to sale under execution for the debts of taxpayer. See Lessee of Smith v. McCann, 24 How. 398, 16 L.Ed. 714; Wiltshire v. Warburton, 4 Cir., 59 F.2d 611; Sapero v. Neiswender, 4 Cir., 23 F.2d 403. Questions of notice, if material, do not arise; for the ostensible relationship between the parties was that of husband and wife and the deed on record purported to create an estate by entireties based on that relationship. The case resolves itself to this: The parties were living together publicly as husband and wife and the wife thought that the relationship was legal and valid; acting on this belief, she purchased property with her private funds and had it conveyed to herself and her supposed husband in such way as to create an estate by entireties; the government seeks to take advantage of a fact of which she had no knowledge, which had been fraudulently concealed from her and of which she never learned until the pleadings in the case were filed, to take from her a half interest in the property and apply it to her husband's debts. We know of no principle of law or equity which will permit this to be done.

For the reasons stated, the judgment appealed from will be affirmed in so far as it gives judgment against the taxpayer for the amount of the tax with penalties and interest; it will be modified with respect to the provisions relating to the annuity contracts to provide for sale at auction of taxpayer's rights thereunder in the event that taxpayer fails to agree to a lump sum payment agreed upon between the United States and the insurance company; and it will be reversed in so far as it relates to the tract of land deeded to taxpayer and his wife.

Affirmed in part; modified in part; reversed in part.