413 F.2d 128
 UNITED STATES of America, Plaintiff-Appellee,
v.
CERTAIN LAND IN the VILLAGE OF HIGHGATE SPRINGS, TOWN OF HIGHGATE, COUNTY OF FRANKLIN, STATE OF VERMONT, A. N. Deringer, Inc., et al., Defendants-Appellees,
W. H. Milton Smith, Defendant-Appellant.
 No. 530.
 Docket 33245.
 United States Court of Appeals Second Circuit.
 Argued April 21, 1969.
 Decided June 18, 1969.
 
 Richard M. Finn, Asst. Atty. Gen., Montpelier, Vt., for State of Vermont, defendant-appellee.
 Daniel J. Lynch, St. Albans, Vt. (Kissane & Heald, St. Albans, Vt., on the brief), for A. N. Deringer, Inc., defendant-appellee.
 Peter F. Langrock, Middlebury, Vt. (Langrock & Sperry, Middlebury, Vt. on the brief), for W. H. Milton Smith, defendant-appellant.
 Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and WYATT, District Judge.*
 PER CURIAM:
 
 
 1
 The only question for decision in the appeal of this proceeding brought by the United States to condemn some 80,000 square feet of land in northern Vermont, on Route 7 near the Canadian border, is whether it was clearly erroneous for the district court to find that the condemned land was owned entirely by A. N. Deringer, Inc., and that no part of it was owned by the appellant W. H. Milton Smith, an intervenor asserting title. As we find the district court's decision amply supported by the record, we affirm the judgment.
 
 
 2
 The district court credited the testimony of Deringer's predecessor in title, Martha Sibley, who claimed to have been the remainderman under a 1914 grant from Elvin M. Deal to her parents. The 1914 deed conveyed to Charles A. Sibley and his wife "all and the same land that is now and has been occupied by Charles A. Sibley and his wife Harriet I. Sibley as their home." Martha Sibley testified that she had lived on this property since 1900 and by reference to an aerial map she said that the condemned land was well within the tract conveyed to her parents by the 1914 deed. According to Martha Sibley, Deal retained approximately one acre on the west side of the highway, no part of which was within the condemned tract. As this testimony sufficiently supports the district court's findings, it is immaterial that the court may, in addition, have placed some reliance on entries in the Town's lists, which refer to other property, in finding that Smith owned no part of the condemned property. Smith had the burden of establishing his title, and it is clear that he did not sustain this burden.
 
 
 3
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 *
 Sitting by designation