## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY

v.

## ONE PARCEL OF LAND IN PRINCE GEORGE'S COUNTY

No. CIV.A.WMN–00–3486.

United States District Court, D. Maryland.

Jan. 30, 2002.

Joy Ryan, Department of Justice G/A, Washington, DC, Paul Harrison, U.S. Department of Justice Land Acquisition Section Environment and Natural Resources Division, Washington, DC, for Plaintiff.

Gerald Langbaum, John K. Barry, Office of the Attorney General, Annapolis, MD, Robert Y. Clagett, Upper Marlboro, MD, R. Douglas Jones, Huesman Jones and Miles, Towson, MD, J. Michael Dougherty, Office of the County Attorney, Upper Marlboro, MD, Lauri A. McGuire, Office of the Attorney General MD State Highway Administration, Baltimore, MD, Thomas J. Gagliardo, Law Offices of Thomas J. Gagliardo, Silver Spring, MD, Richard Evan Solomon, Cohn Goldberg and Deutsch LLC, Towson, MD, Stuart R. Blatt, Margolis Pritzker and Epstein PA, Towson, MD, for Interested Parties.

### *MEMORANDUM*

NICKERSON, District Judge.

◼ Before the Court is Plaintiff's Motion to Determine Entitlement to Just Compensation (Paper No. 41). This condemnation action was brought by the Washington Metropolitan Area Transit Authority ("WMATA"), for the taking of approximately 0.8550 acres of land in Prince George's County.[1] WMATA has

---

1. According to the Complaint for Condemnation, the parcel will be used for the extension of a public transit rail line.

taken title to the land pursuant to the federal Declaration of Taking Act, 40 U.S.C. § 258a,[2] and has deposited in the Court's registry the estimated value of just compensation for the parcel, in the amount of $93,500.00. Because there are multiple defendants asserting claims to the just compensation, WMATA now moves the Court to determine which defendants have valid claims, and the relative priority of those claims.[3] The Court finds that no hearing is necessary,[4] and that the defendants with valid claims against the award of just compensation are as follows.

## I. LEGAL STANDARD

■ It is well-established that federal courts sitting in condemnation cases are authorized to determine who among competing claimants held title to land prior to its condemnation. *See,* Fed.R.Civ.P. 71A(h); *United States v. Atomic Fuel Co.,* 383 F.2d 1, 3 (4th Cir.1967); *United States v. Reynolds,* 397 U.S. 14, 19–20, 90 S.Ct. 803, 25 L.Ed.2d 12 (1970). Indeed, courts should resolve the issue of competing claims as a preliminary matter, prior to granting just compensation. *Atomic Fuel Co.,* 383 F.2d at 3. Each claimant bears the burden of establishing his or her right to the property in question. *See, United States v. Lee,* 360 F.2d 449, 452 (5th Cir. 1966); *United States v. Certain Land in*

*the Village of Highgate Springs,* 413 F.2d 128 (2nd Cir.1969). Federal courts look to the substantive law of the state in which the property is located to determine a party's interest in the land. *See, United States ex. rel. Tennessee Valley Authority v. Powelson,* 319 U.S. 266, 279, 63 S.Ct. 1047, 87 L.Ed. 1390 (1943).

■ The fee owners of property are entitled to receive whatever amount of the just compensation that remains after all taxes and proper claims against the property have been paid. *See,* 40 U.S.C. § 258a ("The court shall have power to make such orders in respect of encumbrances, liens, rents, taxes, assessments, insurance, and other charges, if any, as shall be just and equitable."). A claimant with a valid deed of trust against the property is deemed to be a secured creditor of the land for the amount of the debt remaining at the time of condemnation. Under Maryland law, however, where the subject property is held by tenants in the entirety, parties with liens against the property which name only one of the property owners may not recover against the property. *See, Bruce v. Dyer,* 309 Md. 421, 428–29, 524 A.2d 777 (1987). Likewise, when an income tax lien is filed against only one of the tenants by the entirety, the traditional rule is that the lien

**2.** The statute establishes "quick-take" condemnation procedures for the taking of property by eminent domain. The Fourth Circuit has held that Congress delegated to WMATA the power to use § 258a. *See, WMATA v. One Parcel of Land in Montgomery County, Md.,* 706 F.2d 1312, 1319 (4th Cir.1983).

**3.** Although Plaintiff has no advocacy position as to Defendants' claims to title, WMATA stands in the role of *amicus curiae* and may properly advise the Court on such matters. *See, United States v. Certain Lands in Town of Hempstead,* 129 F.2d 918, 919–20 (2nd Cir. 1942).

**4.** WMATA filed the instant motion on July 3, 2001. In October, 2001, having received very few responses from the many potential defendants, WMATA urged the Court to schedule a title hearing to determine entitlement. Paper No. 46. The Court then issued an order to all defendants, directing them to submit briefs in support of their claims within 30 days, if they had not already done so. Paper No. 47. The order specified that the Court, upon completion of the briefing period, would consider whether a title hearing would be necessary. The Court now determines that no such hearing is needed, and thus WMATA's motion for a hearing will be denied.

does not attach to the property. *See,* *Brown v. Commissioner of Internal Revenue,* 24 T.C. 256, 269, 1955 WL 565 (1955) (applying the rule laid out in *Schwarz v. United States,* 191 F.2d 618, 621 (4th Cir. 1951)).[5]

## II. PARTIES WITH VALID CLAIMS TO JUST COMPENSATION

At the time of condemnation, the subject property was owned by Wilson and Elzenia Wright, as tenants by the entirety. Pl.'s Exhibit 2 (Deed).[6] A title search revealed three outstanding deeds of trust against the property, held by defendants Countrywide Home Loans, Inc. ("Countrywide"), the Estate of Edward W. Sellman ("Sellman estate"), and the Secretary of Housing and Urban Development ("HUD"). For the following reasons, the Court determines that these defendants are entitled to receive just compensation in this case.

 In support of its claim, Defendant Countrywide has submitted evidence that on or about April 29, 1983, Manufacturers Hanover Mortgage Corporation loaned the sum of $70,800.00 to Edward and Marion Sellman, the owners of the property prior to the Wrights. The loan was secured by a deed of trust in the same amount. Countrywide Brief, Ex. 1. Manufacturers Hanover has since assigned its interest in the deed of trust to Countrywide. *Id.* at Ex. 2. Countrywide has provided accounting statements that reflect (1) unpaid balance and interest due and owing on the deed of trust, (2) money paid by Country-

wide to Prince George's County to satisfy a Clean Lot Lien, and (3) money paid by Countrywide to Prince George's county for 2001–02 real estate taxes. *Id.* at Ex. 3 & 4; Countrywide Statement of Account (Paper No. 40). The title search reflects no prior liens on the property. Pl.'s Exhibit 3. Therefore, the Court finds that Countrywide has established its claim of entitlement as first lien holder.

 The Sellman estate has established that a second deed of trust was recorded on the property on June 26, 1985. *See,* Sellman Brief at Ex. 1. The deed reflects a lien against the property retained by the Sellmans when they conveyed the property to the Wrights. In 1989, the Sellmans filed suit against the Wrights to recover the debt, and a monetary judgment was entered against the Wrights on December 5, 1990 in the Circuit Court for Prince George's County. *See,* Pl.'s Ex. 9. The Sellman estate has submitted evidence showing that the judgment has not been satisfied. *See,* Sellman Brief at Ex. 2. Although the Sellman estate sought and obtained a monetary judgment against the Wrights, Maryland law permits a mortgagee to pursue all of its remedies to collect an outstanding debt. *See, Parks v. Skipper,* 164 Md. 388, 165 A. 319 (1933).

 The third deed of trust was recorded on the property by HUD on January 25, 1999. Pl.'s Ex. 8. The relevant document, a Subordinate Deed of Trust,

---

5. A recent United States Supreme Court decision has cast doubt on this rule in the context of federal income tax liens. *Drye v. United States,* 528 U.S. 49, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999). In the present case, however, the State of Maryland has not cited any legal authority that would overcome the rule as to individual state income tax liens. Because the State of Maryland has asserted

an income tax lien against only Wilson Wright, Paper No. 12, its request for proceeds of the condemnation award must be denied.

6. Mr. and Mrs. Wright have filed for bankruptcy. The trustee of their estate, Paul–Michael Sweeney, has filed a disclaimer to any interest in the compensation to be paid in this case. Paper No. 32.

names Wilson and Elzenia Wright as grantors. Id. According to the title search, this lien also remains unpaid. Pl.'s Ex. 1, 3.[7]

 Before the above lienholders may collect their share of the compensation in this case, however, any outstanding property taxes due to the appropriate governmental entity must be paid. *See, Collector of Revenue Within and for the City of St. Louis, Mo. v. Ford Motor Co.*, 158 F.2d 354, 355 (8th Cir.1946) (explaining that the effect of condemnation is to transfer tax lien from the land to the award in the registry of the court). Prince George's County has filed a Notice of Appearance establishing that it is the municipal authority charged with collecting taxes assessed on the subject property. Paper No. 24.

The county has not, however, made a showing that taxes are due and owing on the property. If the county does make such a showing, it will be entitled to first priority in the distribution of just compensation, followed by the three holders of the deeds of trust discussed above, in order of "first in time, first in right."

## III. PARTIES DEEMED TO HAVE INVALID CLAIMS

 The Court finds that the remaining defendants are not entitled to just compensation for the taking of the subject property. First, six defendants have signed disclaimers of interest: Petro, Source One, the State Roads Commission, Paul–Michael Sweeney (trustee for the Wrights' bankruptcy estate), the Internal Revenue Service, and (collectively) Edward S. Cohn, Stephen N. Goldberg, and Richard E. Solomon. Papers No. 13, 25, 36, 32, 45 & 37. Second, Defendant Verizon is not entitled to just compensation

because the condemnation excluded easements such as the one held by Verizon. *See,* Declaration of Taking, Schedule E. Third, Defendants Henderson, Tes, and Bell, who had filed a lawsuit against Elzenia Wright that was recorded in the title record, settled their claims with prejudice. Under the doctrine of *res judicata,* a lawsuit settled with prejudice bars subsequent claims between the parties or their proxies as to the subject of the litigation. *See, Walls v. Bank of Glen Burnie,* 135 Md. App. 229, 243–44, 762 A.2d 151 (2000).

 Finally, several defendants had filed liens against the subject property but named only one of either Wilson or Elzenia Wright as debtor. *See,* Pl.'s Ex. 25 (Defendant Hechts); Paper No. 43 (Defendant Manufacturer Hanover); Pl.'s Ex. 24 (Defendant Ansel Summerlin); Pl.'s Ex. 27 (Defendant Hosain Mabudian Isfahani). As previously noted, the property in question was held by the Wrights as tenants by the entirety. Under Maryland law, a creditor may not recover against property held as tenants by the entirety unless all tenants are parties to the debt. *See, Bruce,* 309 Md. at 428–29, 524 A.2d 777. Applying this rule, the Court finds that Defendants Hechts, Manufacturer Hanover, Ansel Summerlin, and Hosain Mabudian Isfahani are not entitled to compensation in this case.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the relative priority of valid claims for just compensation among Defendants is as follows, from first to last: Defendants Prince George's County, Countrywide Home Loans, Inc., the estate of Edward W. Sellman, and the Secretary of Housing and Urban Development. No

---

**7.** Although the title search performed by Plaintiff revealed the outstanding HUD lien, Defendant HUD has yet to file any response in the above-captioned matter.

other Defendant shall be entitled to receive any portion of the award of just compensation in this matter. A separate order consistent with this memorandum will issue.

### *ORDER*

Pursuant to the foregoing Memorandum, and for the reasons stated therein, IT IS this day of January, 2002, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiff's Motion to Determine Entitlement to Just Compensation (Paper No. 41) is hereby GRANTED;

2. That the following Defendants have been found to possess valid claims for an award of just compensation for the taking of property in the above-captioned case, and shall be awarded such compensation in the following order, from first priority to last:

a. Prince George's County, upon a showing of property taxes due and owing on the subject property;

b. Countrywide Home Loans, Inc.;

c. The Estate of Edward W. Sellman; and

d. The Secretary of Housing and Urban Development;

3. That all remaining Defendants have been found not to have a valid claim against just compensation in this matter;

4. That Plaintiff's Motion for the Court to Hold a Title Hearing (Paper No. 46) is hereby DENIED;

5. That Plaintiff shall provide a status report to the Court within 45 days of the date of this Order; and

6. That the Clerk of the Court shall mail or transmit copies of this Memorandum and Order to Plaintiff and all counsel or parties of record.